THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLE BRIGGS<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN LASER CENTERS OF VANCOUVER, LLC, a Washington Limited Liability Company, R & K ALC MANAGEMENT, INC., an Oregon Corporation, RAYMOND and Kimberly PEARSON, husband and wife, and KEVIN CLAYVILLE, individually and in each of their marital communities,<br><br>Defendant. | Case No. C07-5065 RBL<br><br>ORDER DENYING DEFENDANT'S MOTION TO QUASH/MODIFY SUBPOENA |

THIS MATTER comes before the Court upon Defendants' Motion to Quash/Modify Subpoena [Dkt. #10]. The Court has considered this Motion as well as Plaintiff Nicole Briggs' Response (and supporting Declaration and exhibits) [Dkt. #s 12-13], Defendants' Reply (and supporting Declaration) [Dkt. #s 16-17], and the file herein. For the reasons explained below the Court DENIES this Motion.

BACKGROUND

Ms. Briggs began working as the Clinic manager for the ALC of Vancouver, LLC, "American Laser Centers" Clinic in mid-December of 2005. Prior to that time she worked as Assistant Clinic Manager at the ALC of Portland Clinic. On March 21, 2006, Ms. Briggs informed Defendants Raymond Pearson and Kevin Clayville (the "R" and "K" of "R & K ALC Management, Inc."), her supervisors and ALC of Vancouver managers, that she was pregnant. On April 7, 2006, Defendant Pearson informed Ms. Briggs in

ORDER
Page - 1

an off-site meeting that she would be terminated if she refused to "accept a substantial pay cut and sign a letter containing a plethora of alleged work performance deficiencies as Clinic Manager." Response [Dkt. # 13] at 4. Ms. Briggs refused "on the grounds that the letter was insulting and contained untrue statements about her job performance;" she was fired the following day. *Id.* Ms. Briggs claims that the Defendants then altered some of her personnel records and certain related documents to memorialize her alleged poor work performance; this documentation consisted mostly of Defendants' handwritten notes composed in present tense and backdated as far back as July 17, 2005 (when Miss Briggs was employed for ALC of Portland). *Id.* at n. 5.

Ms. Briggs alleges that Defendants unlawfully discriminated against and wrongfully terminated her because of her pregnancy in violation of Washington's Law Against Discrimination (WLAD), RCW 49.60 and the strong public policy prohibiting such conduct. Ms. Briggs served a subpoena *duces tecum* to third party independent contractor Lisa Morris of Addrite Bookkeeping on June 13, 2007. Ex. 1 to Motion [Dkt. #10]. Attached to the subpoena was a request for the production of documents, which consisted of eight[1] paragraphs of specific requests. *Id.* at Attach. A. The Defendants object to paragraphs 1[2], 3[3,4], 4[5],

---

[1] Although Ms. Briggs' Reply references 10 paragraphs, the Court is only aware of eight. Reply [Dkt. #10] at 17.

[2] Paragraph 1 is a request for:
Any and all documents (including correspondence/communications), whether in hard copy o[r] electronic format, that are in any way related to the Vancouver American Laser Center Clinic employee's job performance, duties, and/or termination/resignation between *January 1, 2006 and June 1, 2007*.

[3] Paragraph 2 is not objected to in Defendants' Motion.

[4] Paragraph 3 is a request for:
Any and all documents, whether in hard copy o[r] electronic format, reflecting, pertaining to or referencing *any changes* between April 7, 2006 and present in the Vancouver American Laser Center Clinic's policies, practices and procedures of: (a) Printing daily reconciliation reports; (b) Discounting of packages offered or sold to Clinic customers/patients; (c) Writing out daily log sheets; (d) Checking daily reconciliation reports against monthly financial reports; (e) Setting the Clinic's monthly sales goals; and (f) Making bank deposits of cash on the Clinic's premises.

[5] Paragraph 4 is a request for:
Any and all documents, whether in hard copy or electronic format, reflecting, pertaining to or referencing *any differences*, occurring between December 15, 2005 and present, in the policies, procedures and practices of ALC of Vancouver, ALC of Portland, and ALC of Eugene, regarding: (a) Printing daily reconciliation reports; (b) Discounting of packages offered or sold to Clinic customers/patients; (c) Writing out daily log sheets; (d) Checking daily reconciliation reports against monthly financial reports; (e) Setting the Clinic's monthly sales goals; and (f) Making bank deposits of cash on the Clinic's premises.

5[6], 6[7], 7[8] and 8[9], claiming that the information sought is irrelevant, overly broad, overly burdensome to produce and confidential. Plaintiffs argue that the information sought falls within the scope of discovery, that the Vancouver, Portland and Eugene clinics are "connected corporations," that "comparator evidence" is relevant, and that Defendants fail to offer more than conclusory statements in support of their motion.

DISCUSSION

A. Legal Standard

The broad scope of discovery as set forth in Fed. R. Civ. P. 26 is "based on the general principle that . . . wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Rivera v. Nibco, Inc.*, 384 F.3d 822, 824 (9th Cir. 2004) (internal citation omitted). A party may therefore seek discovery into any matter that is not privileged but which is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Upon timely motion a court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies" or if it "subjects a person to undue burden." 45(c)(3)(A)(iii-iv). *See also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad"). If a showing of such undue burden is made, "the court may nonetheless order discovery from such sources if

---

[6] Paragraph 5 is a request for:
*Representative documents*, whether in hard copy or electronic format, reflecting, pertaining to or referencing the ownership and/or organization of and/or inter-relationship between ALC of Vancouver, LLC, ALC of Portland, LLC, ALC of Eugene, LLC, ALC Holdings, Inc., and R & K Management, Inc.

[7] Paragraph 6 is a request for:
*Representative documents*, whether in hard copy or electronic format, evidencing whether ALC of Portland, ALC of Eugene, and ALC of Vancouver maintain separate bank or financial accounts from which their employees are paid earned compensation.

[8] Paragraph 7 is a request for:
Any and all documents, whether in hard copy or electronic format, reflecting or otherwise referencing any Vancouver, Portland or Eugene Clinic employee who worked or was scheduled to work at either of the other two Clinics between December 15, 2005 and June 1, 2007.

[9] Paragraph 8 is a request for:
Any and all documents, whether in hard copy or electronic format, that consist of or otherwise reference communications/correspondence taking place during the timeframe of April 1, 2006 and present between (1) any employee or agent of Addrite Bookkeeping Service; and (2) any American Laser Center Clinic employee or agent (including David H. Black), any ALC Holdings, LLC, or R & K ALC Management, Inc. employee or agent, and/or any ALC Partner, Inc. Employee or agent, concerning the ALC of Eugene Clinic Manager Lauri Quiby's job performance.

the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." Fed. R. Civ. P. 45(d)(1)(D). Factors a court may use include: determining whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii). Where Defendants allege that requested information is protected by privilege, they must support their claim with a "description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2)(A).

       B.       Scope of Inquiry

Ms. Briggs' employment with ALC of Vancouver was terminated on April 8, 2006. Ms. Briggs' subpoena seeks documents and information from after her termination, as well as from before. Defendants argue that "post-termination" information and documents are irrelevant, overly broad, overly burdensome to produce and confidential. Motion [Dkt. #10] at 2. Consideration of the *Wiwa* factors and those established by Fed. R. Civ. P. 45(d)(2)(A), however, lends this Court to disagree. Defendants fail to support their argument with anything more than conclusory statements. *See* Reply [Dkt. #16] at 2 (in reply to Plaintiff's argument that "defendants provided no specificity or concrete examples showing how the information sought is 'confidential, overly burdensome and/or overly broad,'" Defendants fail to provide any specificity or concrete examples; rather, Defendants reiterate that the information sought is irrelevant and therefore overly burdensome). Defendants, therefore, fail to meet their burden of showing that the information sought by the subpoena subjects them to an undue burden.

Defendants argue that paragraphs 1, 3, and 7 of the subpoena should be modified to limit production of documents to pre-termination dates. Ms. Briggs argues that the present matter is an employment discrimination case where indirect "comparator" evidence (i.e., an employer's treatment of other, similarly situated employees) is relevant and that information from *after* Ms. Briggs' termination is therefore relevant. *See Bodett v. Coxcom, Inc.*, 366 F.3d 736, 744 (9th Cir. 2004) (holding that a plaintiff may show either that similarly situated individuals outside her protected class were treated differently or that other circumstances surrounding the adverse employment action give rise to an inference of discrimination) (internal citation omitted). The Court agrees that evidence pertaining to Ms. Briggs'

comparators (such as Vancouver Manager Elizabeth Thompson who replaced Ms. Briggs approximately six weeks after her termination) may be relevant to these proceedings. The Court therefore DENIES Defendants' motion to modify Paragraphs 1, 3 and 7.

Defendants also argue that information pertaining to the two "comparator companies," ALC of Portland and ALC of Eugene, is irrelevant, overly broad, overly burdensome to produce and confidential. *Id.* at 2-3. Defendants claim that Paragraphs 4-6 should be modified to limit the production of documents to those pertaining solely to ALC of Vancouver. Defendants, again, fail to provide the Court with any specificity or concrete examples in support of their arguments. Ms. Briggs, however, argues convincingly that the information sought in her subpoena is reasonably calculated to the discovery of admissible evidence showing that the three clinics are connected. In support of her argument, Ms. Briggs provides evidence that the Portland and Vancouver clinics are managed in common in the area of employment policy and personnel management. For example, the Introduction to the American Laser Centers Employee Handbook states, in part: "[t]he polices and procedures outlined in this Handbook . . . are intended to guide the employment between ALC Holdings, LLC, and its affiliated American Laser Centers (collectively "the Company") and their employees." Additionally, Ms. Briggs argues that the information sought will provide evidence that the Eugene Clinic's manager provided information to Defendants, upon which they relied to demote and/or terminate Ms. Briggs. The Court concludes, therefore, that Defendants have failed to meet their burden of showing that the information sought by the subpoena subjects them to an undue burden and DENIES Defendant's motion to modify Paragraphs 4-6.

The Court does agree, however, with Defendant's argument that the attorney-client privilege may apply to communications between David H. Black and Lisa Morris referred to in Paragraph 8. Motion [Dkt. #10] at 3. Defendants must support the claimed privilege with a privilege log, i.e., "a description of the nature of the documents, communications or things not produced." Fed. R. Civ. P. 45(d)(2)(A). The Court therefore DENIES Defendant's motion to quash Paragraph 8 and orders the production of the documents requested and a privilege log comporting to the requirements of Fed. R. Civ. P. 45(d)(2)(A) where such documents are subject to privilege.

CONCLUSION

The Court therefore DENIES Defendants' Motion to Quash/Modify Subpoena [Dkt. #10] and ORDERS the production of the information requested by Ms. Briggs. Defendants are ORDERED to provide a privilege log of the information withheld.

IT IS SO ORDERED.

DATED this 19th day of July, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE