HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE BRIGGS,

Plaintiff,

v.

ALC OF VANCOUVER, LLC, et al.,

Defendants.

Case No. C07-5065RBL

ORDER.

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment [Dkt. #34] pursuant to Fed.R.Civ P. 56(c) as to whether American Laser Centers (ALC) of Vancouver, Washington is connected as defined by WAC 162-16-220(6) to ALC of Portland Oregon, and to ALC of Eugene Oregon. The Court has considered the motion and the entirety of the record herein. For the reasons stated below, the Court hereby **GRANTS** Plaintiff's Motion for Partial Summary Judgment.

**I.     FACTS**

Plaintiff Ms. Briggs is a former employee of ALC of Vancouver, Washington. On March 21, 2006, Ms. Briggs was fired. Ms. Briggs claims she was fired because she had become pregnant. [Dkt. #34 p.2]. Ms. Briggs alleges that her firing was in violation of Washington's Law Against Discrimination. (WLAD), RCW 49.60. Defendants claim RCW 49.60 is not applicable to them because they have less than the statutorily required eight employees. [Dkt. #34 p.2]. Ms Briggs claims ALC of Vancouver, Washington is connected to ALC of Portland, Oregon and to ALC of Eugene, Oregon. [Dkt. #34 p.1]. Plaintiff claims that Defendants are the sole shareholders of the corporation that manages the ALC clinics, and hold themselves out as owners and act on behalf of all ALC's. Plaintiffs filed the instant motion on September 9, 2007. Defendants did not

respond.

## II. SUMMARY JUDGEMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220

## III. ANALYSIS

Failure to file an opposition brief "may be considered by the court as an admission that the motion has merit." *CR 7(b)(2), Local Rules W.D. Wash.* Defendant has failed to file papers in opposition to the motion, and accordingly, this Court considers Plaintiff's motion meritorious. Plaintiff alleges that ALC of Vancouver, WA, ALC of Portland, OR, and ALC of Eugene, OR are in common ownership and managed in common. After reviewing WAC 162-12-220(16) and Plaintiff's motion, the Court has determined that the corporation ALC of Vancouver, the corporation ALC of Portland and the corporation ALC of Eugene

///

///

///

///

///

are connected. Therefore, Defendants are subject to RCW 49.60. Plaintiff's Motion for Partial Summary Judgement [Dkt. #34] is **GRANTED.**

IT IS SO ORDERED.

      Dated this 30th day of October 2007.

                              /s/ Ronald B. Leighton
                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE